**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AD1 Urban Palm Bay, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10074 (KBO) |
| In re:<br><br>AD1 Urban Palm Bay Place, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10075 (KBO) |
| In re:<br><br>AD1 Urban Strategy Palm Bay, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10076 (KBO) |
| In re:<br><br>AD1 LBV1, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10077 (KBO) |
| In re:<br><br>AD1 LBV Hotels, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10078 (KBO) |
| In re:<br><br>AD1 SW Property Holdings, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10079 (KBO) |

| | |
|---|---|
| In re:<br><br>AD1 Urban SW, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10080 (KBO) |
| In re:<br><br>AD1 Palm Beach Airport Hotels, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10081 (KBO) |
| In re:<br><br>AD1 PB Airport Hotels, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10082 (KBO) |
| In re:<br><br>AD1 Celebration Holdings, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10084 (KBO) |
| In re:<br><br>AD1 Celebration Hotels, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10085 (KBO) |
| In re:<br><br>AD1 Daytona Holdings, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10086 (KBO) |
| In re:<br><br>AD1 Daytona Hotels, LLC<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10087 (KBO) |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE**
**JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**
**FOR PROCEDURAL PURPOSES ONLY**

The above-captioned affiliated debtors and debtors in possession (each a "Debtor," and

collectively, the "Debtors")[1] hereby submit this motion (this "Motion") for the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section

105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),

Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the

Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only.  In support

of this Motion, the Debtors rely upon the *Declaration of Alex Fridzon in Support of Debtors'*

*Chapter 11 Petitions and First-Day Motions and Applications* (the "First-Day Declaration"),[2]

which was filed concurrently herewith.  In further support of this Motion, the Debtors respectfully

represent as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

and the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934).  The mailing address for each of the Debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the Court's entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

## GENERAL BACKGROUND

4.      On January 22, 2023, each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of an official committee of unsecured creditors, chapter 11 trustee, or examiner has been made.

5.      The factual background, including an overview of the Debtors' businesses, information on the Debtors' debt structure and information relating to the events leading up to the filing of these chapter 11 cases, can be found in the First-Day Declaration.

## RELIEF REQUESTED

6.      By this Motion, the Debtors request that the Court enter the Proposed Order authorizing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only.  The Debtors also request that the Clerk of the Court maintain one (1) file and one (1) docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for AD1 Urban Palm Bay, LLC (Case No. 23-10074).  In addition, the Debtors

US.355233452.02

propose that the caption of these chapter 11 cases be modified to reflect their joint administration

as follows:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AD1 Urban Palm Bay, LLC, *et al.*, | Case No. 23-10074 (KBO) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934).  The mailing address for each of the Debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.

7.      The Debtors also seek the Court's direction that a notation, substantially similar to

the following proposed docket entry, be entered on the docket of each of the Debtors' chapter 11

cases, other than the case of AD1 Urban Palm Bay, LLC, to reflect the joint administration of these

chapter 11 cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of AD1 Celebration Hotels, LLC; AD1 Daytona Hotels, LLC; AD1 LBV1, LLC; AD1 PB Airport Hotels, LLC; AD1 SW Property Holdings, LLC; AD1 Urban Palm Bay Place, LLC; AD1 Urban Palm Bay, LLC; AD1 Celebration Holdings, LLC; AD1 Daytona Holdings, LLC; AD1 LBV Hotels, LLC; AD1 Palm Beach Airport Hotels, LLC; AD1 Urban Strategy Palm Bay, LLC; and AD1 Urban SW, LLC.  The docket in the chapter 11 case of AD1 Urban Palm Bay, LLC, Case No. 23-10074 (KBO), should be consulted for all matters affecting this case.

8.      Finally, the Debtors request that the Court permit the use of a combined service list

and combined notices.

**BASIS FOR RELIEF REQUESTED**

9.      Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties."  Del. Bankr. L.R. 1015-1.  In these chapter 11 cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.

10.      Joint administration is warranted in these chapter 11 cases because (i) the Debtors' financial affairs and business operations are closely related and (ii) joint administration will ease the administrative burden on the Court and other parties in interest.  Many, if not virtually all, of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will jointly affect all of the Debtors.  Additionally, the First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases.

11.      Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the chapter 11 cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases.  Further, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Importantly, joint administration will also enable parties in interest in all of the Debtors' cases to stay apprised of all the various matters before the Court.

US.355233452.02

12.     Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights.  In fact, separate administration of these chapter 11 cases would likely confuse creditors as most of the notices, applications, motions, other pleadings, hearings, and orders in the Debtors' chapter 11 cases will affect each of the Debtors.  For this reason, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies.  Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

13.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE

14.     Notice of this Motion shall be given to:  (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Debtors' thirty largest unsecured creditors (excluding insiders); (v) the Securities and Exchange Commission; (vi) counsel to HPS Investment Partners, LLC; (vii) the Debtors' cash management banks, and (vii) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013- 1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

US.355233452.02

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
      January 24, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Ian J. Bambrick*
Ian J. Bambrick (No. 5455)
Katharina Earle (No.6348)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
ian.bambrick@faegredrinker.com
katharina.earle@ faegredrinker.com

Scott F. Gautier (*pending pro hac vice*)
Maria J. Cho (*pending pro hac vice*)
1800 Century Park East, Suite 1500
Los Angeles, CA  90067
Tel:  (310) 203-4000
Fax:  (310) 229-1285
scott.gautier@faegredrinker.com
maria.cho@faegredrinker.com

Michael T. Gustafson (*pending pro hac vice*)
320 South Canal Street, Suite 3300
Chicago, IL  60606
Tel:  (312) 569-1000
Fax:  (312) 569-3000
mike.gustafson@faegredrinker.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

US.355233452.02