**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AD1 Urban Palm Bay, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10074 (KBO)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 11 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF (A) CRITICAL VENDORS
AND SERVICE PROVIDERS AND (B) CERTAIN VENDORS ENTITLED TO
ADMINISTRATIVE EXPENSE STATUS UNDER SECTION 503(b)(9) OF THE
BANKRUPTCY CODE AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS
CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors, in their discretion, to pay Vendor Claims in the ordinary course of business and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First-Day Declaration; and notice of the Motion having been given in accordance with the Local Rules; and no other or further notice of the Motion being required; and the Court having jurisdiction to consider the Motion in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934). The mailing address for each of the Debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the First Day Declaration.

accordance with 28 U.S.C. §§ 157 and 1334; and the Amended Standing Order; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Motion and provided for herein being in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein until such time as the Court conducts a final hearing on this matter (the "Final Hearing").

2. The Final Hearing shall take place on February 16, 2023, at 9:00 a.m. (prevailing Eastern Time). Any objections or responses to the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on February 9, 2023, and served on the parties required by Local Rule 2002-1(b).

3. Until the entry of this order, the Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy Vendor Claims in the ordinary course of their business up to the aggregate amount set forth as follows:

| VENDOR CLAIMS | |
|---|---|
| **Type of Claim** | **Interim Claims Cap** |
| Total Vendor Claims | $760,000[3] |
| 503(b)(9) Claims | $89,000 |

4. As to AD 1 Management, the Debtors shall be authorized to satisfy the Critical Vendor Claim of AD 1 Management related to the 136 Hotel Personnel that AD 1 Management employs on behalf of the Debtors up to the amount of $224,104 on an interim basis, subject to the

---

[3] This amount includes the amount attributable to the 503(b)(9) Claims.

statutory caps imposed by sections 507(a)(4) and, to the extent applicable, 507(a)(5) of the Bankruptcy Code. For the avoidance of doubt, nothing in this order shall be deemed to authorize Hotel Personnel to receive any bonus or incentive payment, which payment would be subject to section 503(c) of the Bankruptcy Code if the Debtors were to employ the Hotel Personnel directly.

5. The Debtors are directed to condition the payment of a Vendor Claim on the agreement of the Vendor to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the Vendor.

6. In order to make payment of a Vendor Claim, the Debtors are directed to enter into Trade Agreements with the Vendors, including, without limitation, on the below terms, or to otherwise agree with Vendors on trade terms:

   a. The amount of the Vendor's estimated pre-petition claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Vendor and the Debtors (but such amount shall be used only for purposes of this Interim Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

   b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated pre-petition claim by the Debtors, subject to the terms and conditions as set forth in this Interim Order;

   c. The Vendor's agreement to provide goods and services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Vendor, and the Debtors' agreement to pay the Vendor in accordance with such terms;

   d. The Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining pre-petition amounts allegedly owed to the Vendor by the Debtors arising from goods and services provided to the Debtors prior to the Petition Date, and that, to the extent that the Vendor has previously

3

        obtained such a Lien, the Vendor shall immediately take all necessary actions to release such Lien;

    e.    The Vendor's acknowledgment that it has reviewed the terms and provisions of this Interim Order and consents to be bound thereby;

    f.    The Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

    g.    If a Vendor that has received payment of a pre-petition claim subsequently refuses to provide goods and services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Vendor, then, without the need for any further order of the Court, any payments received by the Vendor on account of such pre-petition claim shall be deemed to have been in payment of any then outstanding post-petition obligations owed to such Vendor. The Debtors may then take any and all appropriate steps to cause such Vendor to repay payments made to it on account of its pre-petition claim to the extent that such payments exceed the post-petition amounts then owing to such Vendor.

7.    The form trade agreement attached to the Motion as **Exhibit C** is hereby approved on an interim basis.

8.    The Debtors shall consult with the Lender regarding the payment of any Vendor Claim pursuant to this Interim Order, including, without limitation, the terms of any Trade Agreement or other trade terms agreed to.

9.    The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

US.355285325.09

10. Any payments with respect to prepetition claims hereunder shall first be used to satisfy any allowed claim of the applicable Vendor that is entitled to priority under section 503(b)(9) of the Bankruptcy Code, and thereafter to satisfy the applicable Vendor's general unsecured claim(s).

11. Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any of the Vendors; or (d) shall be construed as a promise to pay a claim.

12. Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Vendor Claims and all parties in interests' rights to object to any such requested relief.

13. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

14. The requirements of Bankruptcy Rule 6003(b) are satisfied.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

*[Signature: Ka B. O__]*

**Dated: January 26th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**