## EXHIBIT A

**Form of Sale Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **AD1 Urban Palm Bay, LLC,**[1] | Case No. 23-119974 (KBO) |
| Debtors. | Jointly Administered |
| | RE: Docket Nos. _____ |

### ORDER (I) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Upon the motion, dated March 14, 2023 (the "**Sales Procedures Motion**"), of AD1 Urban Palm Bay, LLC, ("**AD1**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363, 365, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (the "**Sale Procedures Order**") (i) approving (a) the form of certain transaction agreements, authorizing Debtors to designate Stalking Horse Bidders and approving the break-up fee; (b) the sale procedures (the "**Sale Procedures**") related to one or more sales of the Debtors' assets, including the sale of the Properties (the "**Sale**"); (c) the form and manner of notices of Sale Procedures and Auctions, Cure Amounts, designation of Stalking

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934). The mailing address for each of the Debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.

Horse Bidder and Successful Bidder(s) and Back-up Bidder(s) and (d) establishing certain notice procedures for determining cure amounts for executory contracts and unexpired leases to be assumed and assigned in connection with such Sale (the "**Assumption and Assignment Procedures**"); and (ii) granting certain related relief; after holding a hearing on March 29, 2023 (the "**Sale Procedures Hearing**"), this Court entered the Sale Procedures Order on April 5, 2023 [D.I. 215]; [and the Debtors having filed, pursuant to the Sale Procedures, on [ ● ], 2023 the Notice of Designation of Stalking Horse Bidder and Proposed Bid Protections; and this Court, [after holding a hearing on [ ● ], 2023], having entered the Stalking Horse Order [D.I.___]] authorizing the Debtors to enter into that certain Purchase and Sale Agreement, dated as of [ ● ], 2023 (the "**Stalking Horse Purchase and Sale Agreement**") with [ ● ] (the "**Purchaser**");[2] and the Debtors having, pursuant to the Sale Procedures, conducted an auction for the sale of the Properties on [ ● ], 2023 (the "**Auction**"); and the Purchaser having been selected as the Successful Bidder for the Properties set forth in the Purchase and Sale Agreement (as defined herein); and upon the Purchaser and the Debtors having entered into that certain Purchase and Sale Agreement, dated as of [ ● ], 2023 (attached hereto as **Exhibit A**, and as it may be amended, modified, or supplemented in accordance with the terms hereof and thereof, the "**Purchase and Sale Agreement**");[3] and pursuant to the Purchase and Sale Agreement, Purchaser having the ability to designate one or more Affiliates of Purchaser as designee for any or all of the Properties and Assumed Liabilities (or portions thereof) (the "**Purchaser Designees**"), each of which shall be entitled to the rights and protections set forth in this order (this "**Sale Order**"), including, without limitation, paragraph 28 hereof; and this Court having conducted a hearing on [ ● ], 2023

---

[2]  **NTD:** All references to Stalking Horse Bidders to be deleted to the extent not applicable.

[3]  Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to such terms in the Purchase and Sale Agreement or, if not defined therein, in the Sale Procedures or the Sale Procedures Motion.

2

(the "**Sale Hearing**"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Purchase and Sale Agreement, and this Sale Order; and this Court having reviewed and considered all objections thereto, and the arguments of counsel made, and the evidence adduced, at the Sale Procedures Hearing and the Sale Hearing; and upon the entire record of the Sale Procedures Hearing and the Sale Hearing, and after due deliberation thereon, and good cause appearing therefor:

**THE COURT HEREBY FINDS THAT:**[4]

**Jurisdiction, Final Order and Statutory Predicates**

A.      This Court has jurisdiction to hear and determine the approval of the Sale under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C.      The statutory predicates for the relief sought by the Debtors are sections 105(a), 363, 365 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

---

[4] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3

**<u>Notice of the Sale, Auction and the Cure Payments</u>**

D.      Actual written notice of the Sale Hearing, the Auction, the Sale, and the assumption, assignment and/or transfer of the Purchased Contracts,[5] and a reasonable opportunity to object or be heard with respect thereto and to the entry of this Sale Order has been afforded to all known interested Persons and entities entitled to receive such notice, including, but not limited to, the following parties: (i)  counsel to the Secured Lender; (ii) the Office of the United States Trustee; (iii) all entities (or counsel therefore) known to have asserted any lien, charge, claim or encumbrance on the Properties; (iv) all federal, state and local regulatory or taxing authorities which are reasonably ascertainable by the Debtors to have a known interest in the Properties; (v) known non-debtor counterparties to any unexpired leases or executory contracts that could potentially be assumed and assigned to the Successful Bidder; and (vi) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

E.      The Debtors published notice of the Sale, the Sale Procedures, the Stalking Horse Purchase Agreement, the time and place of the proposed Auction, the time and place of the Sale Hearing and the time for filing an objection to the Sale Order on the website maintained by the Debtors' Claims and Noticing Agent appointed in these Chapter 11 cases promptly after entry of the Sale Procedures Order and the Sale Order.

F.      In accordance with the provisions of the Sales Procedures Order, the Debtors have served notice (the "**<u>Assumption Notices</u>**") upon all of the Counterparties to the Purchased Contracts setting forth: (i) the contract(s) and/or lease(s) that may be assumed by the Debtors and assigned to the Purchaser; (ii) the name and address of the Counterparty thereto; (iii) notice of the proposed effective date of the assignment (subject to the right of the Debtors and/or the Purchaser

---

[5] **NTD**: To be defined in Purchase and Sale Agreement.

4

to withdraw such request for assumption and assignment of the Purchased Contract(s) prior to the Closing); (iv) the amount, if any, determined by the Debtors to be necessary to be paid to cure and compensate for any existing default in accordance with sections 365(b) and 365(f)(2) of the Bankruptcy Code (the "**Cure Amount**"); and (v) the deadlines by which any such Counterparty must file an objection to the proposed assumption and assignment of any Purchased Contract.

G.    The service of such Assumption Notices (i) was good, sufficient and appropriate under the circumstances of these Chapter 11 Cases; (ii) provided such counterparties with a full and fair opportunity to object to such assumption, assignment, or transfer and to the proposed Cure Amount set forth in the Assumption Notice; and (iii) was in compliance with the Sale Procedures Order and applicable provisions of the Bankruptcy Rules and Local Rules.  Accordingly, no other or further notice need be given in connection with such assumption, assignment, or transfer or with respect to the amount of Cure Payments.

H.    As evidenced by the affidavits of service previously filed with this Court and as approved under the Sale Procedures Order:  (i) due, proper, timely, adequate and sufficient notice of the Auction, the Sale Hearing, the assumption and assignment of the Purchased Contracts, the entry of this Sale Order, and the Sale has been provided to all parties-in-interest; (ii) such notice was, and is, good, sufficient and appropriate under the circumstances of these Chapter 11 Cases, provided a fair and reasonable opportunity for parties-in-interest to object, and to be heard, with respect thereto, and was provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, 9007 and 9014, and the applicable Local Rules; and (iii) no other or further notice of such matters is necessary or shall be required.

## **Business Judgment**

I.    The Debtors have demonstrated good, sufficient and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and other

5

transactions contemplated by the Purchase and Sale Agreement and any additional or ancillary documents contemplated thereby (the "Transaction Documents"), including, without limitation, the assumption, assignment, and/or transfer of the Purchased Contracts (collectively, the "**Transactions**") pursuant to sections 363 and 365 of the Bankruptcy Code, prior to and outside of a plan of reorganization, and such action is an appropriate exercise of the Debtors' business judgment and in the best interests of the Debtors, their Estates, and their creditors.  Such business reasons include, but are not limited to, the facts that: (i) there is substantial risk of depreciation of the value of the Properties if the Sale is not consummated promptly; (ii) the Purchase and Sale Agreement constitutes the highest or otherwise best offer for the Properties; (iii) the Purchase and Sale Agreement and the Closing will present the best opportunity to realize the value of the Debtors on a going concern basis and avoid decline and devaluation of the Debtors' businesses; and (iv) unless the Sale is concluded expeditiously as provided for in this Sale Order and pursuant to the Purchase and Sale Agreement, potential creditor recoveries may be substantially diminished.

### **Good Faith of the Purchaser; No Collusion**

J.    Neither the Purchaser nor any Purchaser Designee is an insider (as that term is defined in section 101(31) of the Bankruptcy Code) of any of the Debtors.

K.    The Purchaser and the Purchaser Designees, as applicable, are purchasing the Properties in good faith, and is a good faith purchaser, within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to, and granted pursuant to paragraph 27 below, the full rights, benefits, privileges, and protections of that provision, and each has otherwise proceeded in good faith in all respects in connection with the Transaction in that, *inter alia*: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the Properties; (ii) the Purchaser complied with the provisions in the Sale Procedures Order; (iii) the Purchaser agreed to subject its bid and the [Stalking Horse] Purchase and Sale Agreement to the

6

competitive bidding procedures set forth in the Sale Procedures Order; (iv) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (v) neither the Purchaser nor any Purchaser Designee has violated section 363(n) of the Bankruptcy Code by any action or inaction; (vi) no common identity of directors or controlling stockholders exists between the Purchaser or the Purchaser Designees, on the one hand, and any of the Debtors, on the other hand; and (vii) the negotiation and execution of the Purchase and Sale Agreement and Transaction Documents were at arms' length and in good faith.

L.      None of the Debtors, the Purchaser, or the Purchaser Designees or any of their respective current and former officers, directors, managers, members, partners, managed funds, affiliates, agents, advisors, professionals, and representatives (collectively, the "Representatives"), has engaged in any conduct that would cause or permit the Purchase and Sale Agreement or any of the Transaction Documents, or the consummation of the Transaction, to be avoidable or avoided, or for costs or damages to be imposed, under section 363(n) of the Bankruptcy Code, or has acted in bad faith or in any improper or collusive manner with any Person in connection therewith.

## **Highest and Best Offer**

M.      In accordance with the Sale Procedures Order, the Purchase and Sale Agreement was deemed a Qualified Bid (as defined in the Sale Procedures Order) and was eligible to participate at the Auction.

N.      The Debtors conducted an auction process in accordance with, and have otherwise complied in all material respects with, the Sale Procedures Order.  The auction process set forth in the Sale Procedures Order afforded a full, fair and reasonable opportunity for any Person or entity to make a higher or otherwise better offer to purchase the Properties.  The Auction was duly noticed

7

and conducted in a non-collusive, fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher or otherwise better offer for the Properties.

O.      The Purchase and Sale Agreement constitutes the highest and best offer for the Properties, and will provide a greater recovery for the Debtors' Estates than would be provided by any other available alternative.  The Debtors' determination that the Purchase and Sale Agreement constitutes the highest and best offer for the Properties constitutes a valid and sound exercise of the Debtors' business judgment.

P.      The Purchase and Sale Agreement represents a fair and reasonable offer to purchase the Properties under the circumstances of these Chapter 11 Cases.  No other Person or entity or group of entities has offered to purchase the Properties for greater economic value to the Debtors' Estates than the Purchaser.

Q.      Approval of the Purchase and Sale Agreement, and the prompt consummation of the Transactions contemplated thereby, is in the best interests of the Debtors, their creditors, their Estates and other parties-in-interest.

### No Fraudulent Transfer; Not a Successor

R.      The Purchase and Sale Agreement and Transaction Documents were not entered into, and the Transactions are not being consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtors under Applicable Law, and none of the Parties to the Purchase and Sale Agreement or any of the Transaction Documents are consummating the Transactions with any fraudulent or otherwise improper purpose.  The Purchase Price for the Properties constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act and (iii) reasonably equivalent value, fair consideration, and fair value under any other Applicable Laws of any Governmental Authority.

US.357096102.03

S.      Except as expressly set forth in the Purchase and Sale Agreement with respect to the Assumed Liabilities, after the Closing neither the Purchaser nor any Purchaser Designee shall have any liability, responsibility, or obligations of any kind or nature whatsoever for any Interest (as defined below) of or against the Debtors, or otherwise related to the Properties, and arising prior to the Closing, by reason of the transfer of the Properties to the Purchaser or such Purchaser Designee.  Neither the Purchaser nor any Purchaser Designee shall be deemed, as a result of any action taken in connection with the Transactions, to: (1) be a successor (or other such similarly situated party) to any of the Debtors (other than with respect to the Assumed Liabilities as expressly stated in the Purchase and Sale Agreement); or (2) have, *de facto* or otherwise, merged or consolidated with or into any of the Debtors.  The Purchaser and the Purchaser Designees are not acquiring or assuming any Interest arising prior to the Closing, except as expressly set forth in the Purchase and Sale Agreement with respect to the Assumed Liabilities.

## **Validity of Transfer**

T.      Subject to the entry of this Sale Order, the Debtors have full corporate power and authority (i) to perform all of their obligations under the Purchase and Sale Agreement and the Transaction Documents, and the Debtors' prior execution and delivery thereof and performance thereunder, is hereby ratified in full, and (ii) to consummate the Transactions.  The Purchase and Sale Agreement and Transaction Documents, and the Transactions contemplated thereby, have been duly and validly authorized by all necessary corporate action.  No further consents or approvals are required for the Debtors to consummate the Transactions or otherwise perform their respective obligations under the Purchase and Sale Agreement or the Transaction Documents, except in each case as otherwise expressly set forth in the Purchase and Sale Agreement or applicable Transaction Documents.

US.357096102.03

U.      At Closing, the transfer of the Properties to the Purchaser or the Purchaser Designees, including, without limitation, the assumption, assignment and transfer of the Purchased Contracts, will be a legal, valid, and effective transfer thereof, and vest the Purchaser and the Purchaser Designees with all right, title, and interest of the Debtors in and to the Properties, free and clear of all liens, claims, encumbrances, and Interests accruing or arising any time prior to the Closing Date, subject to paragraph 33 of this Sale Order and except as expressly set forth in the Purchase and Sale Agreement with respect to the Assumed Liabilities or Permitted Exceptions.[6]

## Section 363(f) Is Satisfied

V.      The Purchaser and the Purchaser Designees would not have entered into the Purchase and Sale Agreement and would not consummate the Transactions if the sale of the Properties, including the assumption, assignment and transfer of the Purchased Contracts, to the Purchaser or the Purchaser Designees, as applicable, were not free and clear of all liens, claims, encumbrances, and other Interests of any kind or nature whatsoever (except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities), or if the Purchaser or the Purchaser Designees, any of their respective Affiliates or subsidiaries, or any of their respective Representatives, would, or in the future could, be liable for any of such liens, claims, encumbrances, and other Interests of any kind or nature whatsoever (except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities).

W.      The Debtors may sell or otherwise transfer the Properties free and clear of all liens, claims, encumbrances, and other Interests because, in each case, one or more of the standards set

---

[6] For the avoidance of doubt, Permitted Exceptions shall include special tax assessments including any PACE tax assessments unless such assessments are paid in full at Closing pursuant to the prepayment provisions of any applicable PACE assessment.

US.357096102.03

forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.  Those holders of liens, claims, encumbrances, and other Interests against the Debtors, their estates or any of the Properties who did not object, or who withdrew their objections, to the Sale are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of such liens, claims, encumbrances, and other Interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their liens, claims, encumbrances, or other Interests, if any, automatically attach to the proceeds of the Sale ultimately attributable to the Properties in which such creditor alleges or asserts an liens, claims, encumbrance, or other Interests, in the same order of priority, with the same validity, force and effect, that such liens, claims, encumbrances or other Interests had immediately prior to consummation of the Sale as against the Properties, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

X.      As used in this Sale Order, the term "**<u>Interest</u>**" includes, in addition to the types of claims described in <u>paragraph Y</u> below, all of the following, in each case to the extent against or with respect to any of the Debtors or in, on, or against or with respect to any of the Properties: liens (as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial, or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the

11

commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (a) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of setoff (except for setoffs validly exercised before the Petition Date), rights of use or possession, subleases, leases, conditional sale arrangements, deferred purchase price obligations, or any similar rights; (b) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff (except for setoffs validly exercised before the Petition Date), indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other person, consent rights, options, contract rights, Franchise Agreements, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of the Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise; (c) all debts, liabilities, obligations, contractual rights and claims, Franchise Agreement claims, and labor, employment, and pension claims; (d) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the Purchaser's interest in the Properties, or any similar rights; (e) any rights under labor or employment agreements; (f) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, "ERISA")), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had

12

any liability or potential liability; (g) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (i) ERISA, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Age Discrimination and Employment Act of 1967 and the Age Discrimination in Employment Act, each as amended, (vii) the Americans with Disabilities Act of 1990, (viii) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (ix) state discrimination laws, (x) state unemployment compensation laws or any other similar state laws, (xi) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or (xii) the WARN Act (29 U.S.C. §§ 2101, et seq.) or any state or other laws of similar effect; (h) any bulk sales or similar law; (i) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Properties or business of the Debtors before the closing of the Sale; (j) any unexpired and executory contract or unexpired lease to which the Debtors are a party that is not assumed, including, for the avoidance of doubt the Franchise Agreements; (k) any other excluded liabilities under the Purchase and Sale Agreement; and (l) Interests arising under or in connection with any acts, or failures to act, of the Debtors or any of their predecessors, affiliates, or subsidiaries, including, but not limited to, Interests arising under any doctrines of successor liability (to the greatest extent permitted by applicable law), or transferee or vicarious liability, violation of the Securities Act of 1933, the Securities Exchange Act of 1934, or other applicable securities laws or regulations, breach of

13

fiduciary duty, or aiding or abetting breach of fiduciary duty, or any similar theories under Applicable Law or otherwise.

Y.      Except as expressly set forth in the Purchase and Sale Agreement with respect to the Assumed Liabilities or Permitted Exceptions, and without limiting the nature or scope of paragraph X above, the transfer of the Properties, including the assumption, assignment and/or transfer of the Purchased Contracts, to the Purchaser or the Purchaser Designees, as applicable, will not subject the Purchaser or the Purchaser Designees, or any of their respective Affiliates or subsidiaries, or any of their respective Representatives to, or subject any Property to or provide recourse for, any liability or encumbrance whatsoever with respect to the operation or condition of the Properties prior to the Closing or with respect to any facts, acts, actions, omissions, circumstances or conditions existing, occurring or accruing with respect thereto prior to the Closing Date, including, without limitation, any liability or encumbrance arising from any of the following: (i) any employment or labor agreements, consulting agreements, severance arrangements, change in control agreements or other similar agreements to which any Debtor is or was a party, (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices, and programs, including without limitation, any pension plan of the Debtors, (iii) the cessation of the Debtors' operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs and any obligations with respect thereto that arise from the Employee Retirement Income Security Act of 1974, the Fair Labor Standard Act, Title VII of the Civil rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Americans with Disabilities Act of 1990, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act, (iv) workmen's compensation, occupational disease or

14

unemployment or temporary disability insurance claims, (v) environment liabilities, debts, claims or obligations which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act or any Environmental Laws, (vi) products liability or warranties, (vii) any bulk sales or similar law, (viii) any litigation by or against the Debtors and (ix) the Laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of antitrust, products liability, or successor, vicarious or transferee liability.   For the avoidance of doubt, the liabilities and encumbrances set forth in this paragraph are included in the defined term "**<u>Interests</u>**" for all purposes of this Sale Order.

**<u>Assumption, Assignment and/or Transfer of the Purchased Contracts</u>**

Z.      The assumption, assignment and/or transfer of the Purchased Contracts to the Purchaser and the Purchaser Designees, as applicable, pursuant to the terms of this Sale Order is integral to the Purchase and Sale Agreement and is in the best interests of the Debtors and their estates, creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.

AA.      To the extent necessary or required by applicable Law, the Purchaser has or will have as of the Closing Date:  (i) cured, or provided adequate assurance of cure, of any default existing prior to the Closing Date with respect to the Purchased Contracts, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (ii) provided compensation, or adequate assurance of compensation, to any party for any actual pecuniary loss to such party resulting from such default, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code. The respective amounts set forth on Schedule 2 annexed to the Debtors' Assumption Notice (or any Supplemental Assumption Notice(s) served in accordance with the Assumption and

15

Assignment Procedures) are the sole amounts necessary under sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code to cure all such monetary defaults and pay all actual pecuniary losses under the Purchased Contracts.

BB.     The promise of the Purchaser or the Purchaser Designees, as applicable, to perform the obligations first arising under the Purchased Contracts after their assumption and assignment to the Purchaser or the Purchaser Designees, as applicable, constitutes adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparties to such Purchased Contracts.  Any objections to the foregoing, the determination of any Cure Amount, or otherwise related to or in connection with the assumption, assignment or transfer of any of the Purchased Contracts to the Purchaser or the Purchaser Designees are hereby overruled on the merits or otherwise treated as set forth in paragraph 3 below.  Those non-Debtor parties to Purchased Contracts who did not object to the assumption, assignment or transfer of their applicable Purchased Contract, or to their applicable Cure Amount, are deemed to have consented thereto for all purposes of this Sale Order.

CC.     Pursuant to section 2.2 of the Purchase and Sale Agreement, the Purchaser shall maintain certain rights to modify the list of the Purchased Contracts, after the date of this Sale Order as set forth in such section.  Such modification rights include, but are not limited to, the right of the Purchaser, prior to the Closing Date, to designate a Contract for assumption by the Debtors and assignment to the Purchaser or Purchaser Designees, as well as, the right of the Purchaser to re-designate any Purchased Contract as an Excluded Contract, in the event that this Court determines a Cure Amount for such Purchased Contract in an amount unacceptable to the Purchaser.  The Purchaser would not have agreed to the Transactions without such modification rights.   The notice and opportunity to object provided to Counterparties to such Purchased

16

Contracts and to other parties in interest, as set forth in the Assumption and Assignment Procedures contained in the Sale Procedures Order, fairly and reasonably protects any rights that such counterparties and other parties in interest may have with respect to such Contracts.

## Compelling Circumstances for an Immediate Sale

DD.     To maximize the value of the Properties and preserve the viability of the business to which the Properties relate, to reduce the administrative burden of the Chapter 11 Cases borne by the Debtors and to comply with the compromises reached by the Debtors with the Secured Lender in the stipulation relating to the Debtors' use of cash collateral, it is essential that the Sale of the Properties occur within the time constraints set forth in the Purchase and Sale Agreement. Time is of the essence in consummating the Sale.  The Sale must be approved and consummated promptly in order to preserve the viability of the Business as a going concern.  Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004 and 6006 with regards to the Transactions contemplated by this Sale Order, the Purchase and Sale Agreement and the Transaction Documents.

EE.     Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Purchase Price under the Purchase and Sale Agreement, the proposed transfer of the Properties to the Purchaser or the Purchaser Designees, as applicable, constitutes a reasonable and sound exercise of the Debtors' business judgment, is in the best interests of the Debtors, their Estates, and their creditors, and should be approved.

FF.     The consummation of the Transactions is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105, 363 and 365 of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Transactions.

US.357096102.03

GG.    The Sale does not constitute a *de facto* plan of reorganization or liquidation or an element of such a plan for any of the Debtors, as it does not and does not propose to:  (i) impair or restructure existing debt of, or equity interests in, the Debtors; (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests, compromise controversies or extend debt maturities.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1.    The Transactions contemplated by the Purchase and Sale Agreement and the Transaction Documents are approved, as set forth in this Sale Order.

2.    This Court's findings of fact and conclusions of law set forth in the Sale Procedures Order [and Stalking Horse Order] are incorporated herein by reference.

3.    All objections to Sale that have not been withdrawn, waived, resolved, or otherwise settled as set forth herein, as announced to this Court at the Sale Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby denied and overruled on the merits.

### Approval of Purchase and Sale Agreement; Binding Nature

4.    The Purchase and Sale Agreement and all of the terms and conditions thereof, is hereby approved as set forth herein.

5.    The consideration provided by the Purchaser for the Properties under the Purchase and Sale Agreement is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any

US.357096102.03

other Applicable Law, and the Transactions may not be avoided, or costs or damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code.

6.      Pursuant to sections 363 and 365 of the Bankruptcy Code, the Debtors are authorized and empowered to, and shall, take any and all actions necessary or appropriate to (a) consummate the Sale and the other Transactions pursuant to and in accordance with the terms and conditions of the Purchase and Sale Agreement and the Transaction Documents, and (b) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of their respective obligations as contemplated by the Purchase and Sale Agreement and the Transaction Documents, in each case without further notice to or order of this Court.  The Transactions authorized herein shall be of full force and effect, regardless of any Debtor's lack or purported lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

7.      This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors, all holders of equity interests in any Debtor, all holders of any claim(s) (whether known or unknown) against any Debtor, any holders of liens, claims, encumbrances, and other Interests of any kind or nature whatsoever against, in or on all or any portion of the Properties, all non-Debtor parties to the Purchased Contracts, the Purchaser, the Purchaser Designees, and all successors and assigns of the foregoing, including, without limitation, any trustee, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion to cases under chapter 7 under the Bankruptcy Code of any of these Chapter 11 Cases.

### **Transfer of Properties Free and Clear of Interests; Injunction**

8.      Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtors are authorized and directed to transfer the Properties, including but not limited to the Purchased Contracts, to the Purchaser or the Purchaser Designees, as applicable, on the

19

Closing Date in accordance with the Purchase and Sale Agreement and Transaction Documents. Upon and as of the Closing Date, such transfer shall constitute a legal, valid, binding, effective and full and complete general assignment, conveyance and transfer of such Properties transferring good and marketable and indefeasible title and interest in the Properties to the Purchaser or Purchaser Designees, as applicable, and the Purchaser or the Purchaser Designees, as applicable, shall take title to and possession of such Properties free and clear of all liens, claims, encumbrances, and other Interests of any kind or nature whatsoever, subject to paragraph 33 of this Sale Order and except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities.

9.     All such liens, claims, encumbrances, and/or other Interests shall automatically attach solely to the proceeds of the Sale with the same validity, priority, force and effect that they now have as against the Properties, subject to any claims and defenses the Debtors and their Estates may possess with respect thereto.  This Sale Order shall be effective as a determination that, on and as of the Closing, all liens, claims, encumbrances, and other Interests of any kind or nature whatsoever (except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities) have been unconditionally released, discharged and terminated in, on or against the Properties.  The provisions of this Sale Order authorizing and approving the transfer of the Properties free and clear of liens, claims, encumbrances, and other Interests shall be self-executing, and neither the Debtors nor the Purchaser (or the Purchaser Designees) shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order.

10.     Except as expressly permitted by the Purchase and Sale Agreement or this Sale Order, all Persons and entities holding liens, claims, encumbrances, or other Interests of any kind

or nature whatsoever (other than the Permitted Exceptions and Assumed Liabilities) are hereby forever barred, estopped and permanently enjoined from asserting their respective liens, claims, encumbrances, or other Interests against the Purchaser or any Purchaser Designees, any of their respective Affiliates and subsidiaries, and any of their respective Representatives, and each of their respective property and assets, including, without limitation, the Properties.  On and after the Closing Date, to the extent the holder of a lien, claim, encumbrance or other Interest does not comply with <u>paragraph 11</u> of this Sale Order, the Purchaser or the Purchaser Designees, as applicable, shall be authorized to execute and file such documents, and to take all other actions as may be necessary, on behalf of each holder of a lien, claim, encumbrance, or other Interest to release, discharge and terminate such liens, claims, encumbrances, or other Interests in, on and against the Properties as provided for herein, as such liens, claims, encumbrances, or other Interests may have been recorded or may otherwise exist.  On and after the Closing Date, and without limiting the foregoing, to the extent the holder of a lien, claim, encumbrance or other Interest does not comply with <u>paragraph 11</u> of this Sale Order, the Purchaser and the Purchaser Designees shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect or otherwise notice any lien, claim, encumbrance, or other Interest that is extinguished or otherwise released pursuant to this Sale Order.  This Sale Order constitutes authorization under all applicable jurisdictions and versions of the Uniform Commercial Code for the Purchaser and the Purchaser Designees to file, in accordance with the terms of this Sale Order, UCC termination statements with respect to all security interests in or liens on the Properties.

11.    On and after the Closing, the Persons holding a lien, claim, encumbrance, or other Interest (other than a Permitted Exception or an Assumed Liability) shall execute such documents and take all other actions as may be reasonably necessary to release their respective liens, claims,

encumbrances, or other Interests in the Properties, as such liens, claims, encumbrances, or other Interests may have been recorded or otherwise filed. The Purchaser or the Purchaser Designees, as applicable, may, but shall not be required to, file a certified copy of this Sale Order in any filing or recording office in any federal, state, county or other jurisdiction in which any Debtor is incorporated or has real or personal property, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge and terminate any of the liens, claims, encumbrances, or other Interests as set forth in this Sale Order as of the Closing Date. All Persons and entities that are in possession of any portion of the Properties on the Closing Date shall promptly surrender possession thereof to the Purchaser or the Purchaser Designees at the Closing.

12.     The transfer of the Properties to the Purchaser or the Purchaser Designees pursuant to the Purchase and Sale Agreement and Transaction Documents does not require any consents other than specifically provided for in the Purchase and Sale Agreement.

13.     This Sale Order is and shall be binding upon and govern the acts of all Persons and entities (including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, and secretaries of state, federal and local officials) who may be required by operation of law, the duties of their office, or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease. Each of the foregoing Persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge and terminate any of the Interests or to otherwise consummate the Transactions contemplated by this Sale Order, the Purchase and Sale Agreement or any Transaction Document.

## **Purchased Contracts; Cure Payments**

14.     Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing Date, the Debtors' assumption, and assignment and transfer to the Purchaser or Purchaser Designees, of the Purchased Contracts are hereby authorized and approved in full subject to the terms set forth below.  The Purchaser shall, on or prior to the Closing (or as soon thereafter as reasonably practicable), pay the Cure Amounts (or in the case of a dispute, the disputed amount escrowed with the Escrow Agent pursuant to an escrow arrangement reasonably acceptable to Sellers and Purchaser) and cure any and all other defaults and breaches under the Purchased Contracts so that such Contracts may be assumed by the Debtors and assigned to the Purchaser or Purchaser Designees, as applicable, on the Closing Date in accordance with this Sale Order, the Purchase and Sale Agreement, and the Transaction Documents.

15.     Upon and as of the Closing, the Debtors are authorized and empowered to, and shall, assume, assign and/or transfer each of the Purchased Contracts to the Purchaser or the Purchaser Designees, as applicable, free and clear of all liens, claims, encumbrances, and Interests, subject to paragraph 33 of this Sale Order and except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities.  The payment of the applicable Cure Amounts (if any), or the reservation by the Purchaser of an amount of cash that is equal to the difference between (i) the amount of any cure or other compensation asserted by the applicable Counterparty as required under section 365 of the Bankruptcy Code and (ii) the Cure Amount set forth on the applicable Assumption Notice for such Purchased Contract (such amount, the "**Alleged Cure Claim**") shall, pursuant to section 365 of the Bankruptcy Code and other applicable Law, (a) effect a cure, or provide adequate assurance of cure, of all defaults existing thereunder as of the Closing Date and (b) compensate, or provide adequate assurance of compensation, for any actual pecuniary loss to such non-Debtor party resulting from such default.

23

Accordingly, on and as of the Closing Date, other than such payment or reservation, none of the Debtors, the Purchaser or the Purchaser Designees, as applicable, shall have any further liabilities or obligations to the non-Debtor parties to the Purchased Contracts with respect to, and the non-Debtor parties to the Purchased Contracts shall be forever enjoined and barred from seeking, any additional amounts or claims (as defined in section 101(5) of the Bankruptcy Code) that arose, accrued or were incurred at any time on or prior to the Closing Date on account of the Debtors' cure or compensation obligations arising under section 365 of the Bankruptcy Code.   The Purchaser or the Purchaser Designees, as applicable, have provided adequate assurance of future performance under the relevant Purchased Contracts within the meaning of section 365(f) of the Bankruptcy Code.

16.     To the extent any provision in any Purchased Contract assumed or assumed and assigned (as applicable) pursuant to this Sale Order (including, without limitation, any "change of control" provision) (a) prohibits, restricts or conditions, or purports to prohibit, restrict or condition, such assumption or assignment, or (b) is modified, breached or terminated, or deemed modified, breached or terminated by any of the following: (i) the commencement of these Chapter 11 Cases, (ii) the insolvency or financial condition of any Debtor at any time before the closing of these Chapter 11 Cases, (iii) any Debtor's assumption or assumption and assignment (as applicable) of such Purchased Contract, or (iv) the consummation of the Transactions, then such provision shall be deemed modified so as to not entitle the non-Debtor party thereto to prohibit, restrict or condition such assumption or assignment, to modify or terminate such Purchased Contract, or to exercise any other default-related rights or remedies with respect thereto, including, without limitation, any such provision that purports to allow the non-Debtor party thereto to recapture such Purchased Contracts, impose any penalty thereunder, condition any renewal or extension thereof, impose any rent acceleration or assignment fee, or increase or otherwise impose

24

any other fees or other charges in connection therewith.  All such provisions constitute unenforceable anti-assignment provisions that are void and of no force and effect pursuant to sections 365(b), 365(e) and 365(f) of the Bankruptcy Code.

17.    All requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser or the Purchaser Designees, as applicable, of the Purchased Contracts have been satisfied.  Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser or the Purchaser Designees, as applicable, shall be fully and irrevocably vested with all right, title and interest of the Debtors in and under the Purchased Contracts, and each Purchased Contract shall be fully enforceable by the Purchaser or the Purchaser Designees, as applicable, in accordance with its respective terms and conditions, except as limited or modified by the provisions of this Sale Order. Upon and as of the Closing, the Purchaser or the Purchaser Designees, as applicable, shall be deemed to be substituted for the Debtors as a party to the applicable Purchased Contracts and, accordingly, the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Purchased Contracts.

18.    Upon the payment of the applicable Cure Amount or reservation of the Alleged Cure Claim, if any, the Purchased Contracts will remain in full force and effect, and no default shall exist, or be deemed to exist, under the Purchased Contracts as of the Closing Date nor shall there exist, or be deemed to exist, any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

19.    The rights of the Purchaser to modify the list of the Purchased Contracts after the date of this Sale Order as set forth in section 2.2 of the Purchase and Sale Agreement, are hereby approved.  Moreover, with respect to any Contract which is not an Purchased Contract on the Closing Date and provided such Contract has not been rejected by Debtors after the Closing Date

25

pursuant to section 365 of the Bankruptcy Code, upon written notice(s) from the Purchaser to the Debtors given at any time after the Closing Date, the Debtors are hereby authorized to take all actions reasonably necessary to assume and assign to the Purchaser or the Purchaser Designees pursuant to section 365 of the Bankruptcy Code any such Contract(s) as set forth in such notice(s); *provided* that any Cure Amount applicable thereto shall be satisfied solely by the Purchaser. Notwithstanding anything in this Sale Order to the contrary, on the date any such Contract is assumed and assigned to Purchaser or Purchaser Designee, such Contract shall thereafter be deemed a Purchased Contract for all purposes under this Sale Order and the Purchase and Sale Agreement.

20.     All Counterparties to the Purchased Contracts shall be deemed to have consented to such assumption and assignment under section 365(c)(1)(B) of the Bankruptcy Code and the Purchaser or Purchaser Designee shall enjoy all of the Debtors' rights, benefits and privileges under each such Purchased Contract as of the applicable date of assumption and assignment without the necessity to obtain any non-Debtor parties' written consent to the assumption or assignment thereof.

21.     Nothing in this Sale Order, the Sales Procedures Motion, or in any notice or any other document is or shall be deemed an admission by the Debtors or the Purchaser that any Purchased Contract is an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

22.     The failure of the Debtors, the Purchaser, or the Purchaser Designee, as applicable, to enforce at any time one or more terms or conditions of any Purchased Contract shall not be a waiver of such terms or conditions, or of its respective rights to enforce every term and condition of the Purchased Contracts.

26

**Additional Injunction; No Successor Liability**

23.     Effective upon the Closing Date and except as expressly set forth in the Purchase and Sale Agreement and the Transaction Documents with respect to the Permitted Exceptions and Assumed Liabilities, all Persons and entities are forever prohibited and permanently enjoined from (i) commencing or continuing in any manner any action or other proceeding, the employment of process, or any act (whether in law or equity, in any judicial, administrative, arbitral or other proceeding), to collect, recover or offset any Interest;   (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order with respect to a lien, claim, encumbrance, or Interest, (iii) creating, perfecting or enforcing any Interest, or (iv) asserting any setoff, right of subrogation or recoupment of any kind with respect to an Interest, in each case as against the Purchaser, the Purchaser Designees, any of their respective Affiliates or subsidiaries, or any of their respective Representatives, or any of their respective property or assets, including the Properties.

24.     The Transactions contemplated by the Purchase and Sale Agreement and the Transaction Documents do not cause there to be, and there is not (i) a consolidation, merger, or *de facto* merger of the Purchaser or any Purchaser Designee, on the one hand, with or into the Debtors or the Debtors' estates, on the other hand, or vice versa; (ii) a substantial continuity between the Purchaser or Purchaser Designee, on the one hand, and the Debtors or the Debtors' estates, on the other hand, (iii) a common identity between the Purchaser or any Purchaser Designee, on the one hand, and the Debtors or the Debtors' Estates, on the other hand, or (iv) a mere continuation of the Debtors or their Estates, on the one hand, with the Purchaser or any Purchaser Designee, on the other hand.

25.     Except as expressly set forth in the Purchase and Sale Agreement with respect to the Permitted Exceptions and Assumed Liabilities, the transfer of the Properties, including, without

27

limitation, the assumption, assignment and transfer of any Purchased Contract, to the Purchaser or any Purchaser Designee shall not cause or result in, or be deemed to cause or result in, the Purchaser, any Purchaser Designee, any of their respective Affiliates or subsidiaries, or any of their respective Representatives, having any liability, obligation, or responsibility for, or any Properties being subject to or being recourse for, any lien, claim, encumbrance, or Interest arising prior to the Closing whatsoever, whether arising under any doctrines of successor, transferee or vicarious liability, breach of fiduciary duty, aiding or abetting breach of fiduciary duty or otherwise, whether at Law or in equity, directly or indirectly, and whether by payment, setoff, recoupment, or otherwise.

26. For the avoidance of doubt, notwithstanding the consummation of the Transactions and the employment by the Purchaser or Purchaser Designee of certain Persons previously employed by the Debtors, (i) the Purchaser and the Purchaser Designees shall not have any obligations or liabilities to any employee of the Debtors or in respect of any employee benefits owing to any employee of the Debtors by the Debtors or by any plan or program administered by the Debtors or for the benefit of the Debtors' employees, and (ii) any obligations of the Purchaser and the Purchaser Designees to any such Person shall be expressly limited to (i) those obligations expressly agreed upon by the Purchaser or the Purchaser Designees (if any) with such Person, and (ii) those obligations explicitly assumed by the Purchaser or the Purchaser Designees (if any) under the Purchase and Sale Agreement.

## Good Faith

27. The Transactions contemplated by this Sale Order, the Purchase and Sale Agreement and Transaction Documents are undertaken by the Purchaser and the Purchaser Designees without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization

US.357096102.03

provided herein to consummate the Sale and other Transactions shall not alter, affect, limit, or otherwise impair the validity of the Sale or such other Transactions (including the assumption, assignment and/or transfer of the Purchased Contracts), unless such authorization and consummation are duly stayed pending such appeal.  Each of the Purchaser and the Purchaser Designees is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and hereby granted, the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code.

### Other Provisions

28.    The Purchaser is hereby authorized, in its discretion, in connection with consummation of the Transactions to allocate the Properties, Assumed Liabilities, and Purchased Contracts among its Affiliates, subsidiaries, designees, assignees, and/or successors in a manner as it, in its discretion, deems appropriate and such Person shall be entitled to all of the rights, benefits, privileges and protections of the Purchaser as are accorded to the Purchaser under this Sale Order, and the Debtors shall, to the extent set forth in the Purchase and Sale Agreement and Transaction Documents, cooperate with and take all actions reasonably requested by Purchaser to effectuate any of the foregoing.  In the event that the Purchaser designates any Purchaser Designee to acquire any Property or Properties, including, without limitation, any Purchased Contracts, then any reference to the "Purchaser" in this Sale Order shall be deemed to be a reference to "the Purchaser and/or such applicable Purchaser Designee," unless the context requires otherwise. Upon the transfer of any Property or Purchased Contract to, or the assumption of any Assumed Liability by, a Purchaser Designee, such Purchaser Designee shall be solely responsible for such Property, Assumed Liability, or Purchased Contract (including performance thereunder), as applicable.

US.357096102.03

29.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these Chapter 11 Cases, (b) any subsequent chapter 7 case into which any such Chapter 11 Case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Purchase and Sale Agreement or the terms of this Sale Order.  To the extent of any such conflict or derogation, the terms of this Sale Order shall govern.

30.     Pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the stays provided in Bankruptcy Rules 6004(h) and 6006(d) are hereby expressly waived and shall not apply.  Accordingly, the Debtors are authorized and empowered to close the Sale and other Transactions immediately upon entry of this Sale Order.

31.     Nothing in this Sale Order shall modify or waive any closing conditions or termination rights in Articles IX, X and XIII of the Purchase and Sale Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

32.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Transactions.

33.     At Closing, the Purchaser shall transfer directly to the Secured Lender, by wire transfer (pursuant to wire instructions to be provided by the Secured Lender prior to the Closing Date), all Sale proceeds, up to the amount of the Secured Lender's allowed claim, to be paid by the Purchaser pursuant to the Purchase and Sale Agreement.

34.     As of the Closing Date, the Debtors are authorized to (i) change the name of each Debtor to a name that was not included as part of the Properties and (ii) submit an order to this Court under certification of counsel changing the caption of these Chapter 11 Cases to reflect the new corporate names.

US.357096102.03

35.     The failure specifically to include any particular provision of the Purchase and Sale Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase and Sale Agreement be authorized and approved in its entirety.

36.     The Purchase and Sale Agreement and Transaction Documents may be modified, amended or supplemented in a writing signed by the parties thereto and in accordance with the terms thereof, without further notice to or order of this Court, provided that any such modification, amendment or supplement shall not have a material adverse effect on the Debtors' estates unless approved by order of this Court.

37.     Subject to paragraph 29 of this Sale Order and the Purchaser's and Secured Lender's consent, the Sale may be consummated through a confirmed Plan, in which event the Sale Confirmation Order shall supersede this Sale Order.

38.     This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b), to, among other things, (i) interpret, implement, and enforce the terms and provisions of this Sale Order, the Purchase and Sale Agreement, the Transaction Documents, and any amendments thereto and any waivers and consents given thereunder, (ii) compel delivery of the Properties to the Purchaser or Purchaser Designees; (iii) enforce the injunctions and limitations of liability set forth in this Sale Order, and (iv) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Purchased Contracts.

39.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.     The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the provisions of this Sale Order and the terms and conditions of the Purchase and Sale Agreement and the Transaction Documents.

31

41.    To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sales Procedures Motion, the terms of this Sale Order shall govern.  To the extent there are any inconsistencies between the terms of this Sale Order or the Sale Procedures Order, on the one hand, and the Purchase and Sale Agreement or any Transaction Document, on the other hand, the terms of this Sale Order and the Sale Procedures Order shall govern, as applicable.

US.357096102.03

## EXHIBIT A

**Purchase and Sale Agreement**