# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AD1 URBAN PALM BAY, LLC, *et al*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10074 (KBO)<br>(Jointly Administered)<br><br>**[Dkt Nos. 153, 215, 218, 229]**<br>**Hearing:   May 17, 2023, 10:30 a.m.** |

## RESERVATION OF RIGHTS OF FLORIDA GREEN FINANCE AUTHORITY TO DEBTORS' MOTION TO SELL HOTEL ASSETS AND FOR RELATED RELIEF

Florida Green Finance Authority (the "Authority"), through its counsel, submits this Reservation of Rights ("Reservation") in connection with Debtors' Motion to Sell Hotel Assets and for Related Relief (Dkt Nos. 153, 215, 218, 219) (collectively, "Sale Motion") filed by AD1 Urban Palm Bay, LLC, *et al*. (collectively, "Debtors").  Although the Sale Motion[2] involves the sale of Hotel Assets of several debtors, the Authority is reserving its rights with respect to sale of the Hotel Assets of only AD1 Urban Palm Bay, LLC ("Home-2 Debtor") and AD1 Urban Palm Bay Place, LLC ("Hyatt Debtor," collectively with the Home-2 Debtor, the "PACE Debtors") to the respective Successful Bidders.

<u>The Florida PACE Act</u>

1.     The Authority is created by the Florida PACE Act, Section 163.08, Florida Statutes; the Uniform Assessment Collection Act, Section 197.3631 through 197.3635, Florida Statutes;

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934). The mailing address for each of the Debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.
[2]     Terms not defined herein, shall have the meanings ascribed to them in the Sale Motion.

1

and Florida Interlocal Cooperation Act of 1969, Chapter 163, Part I, Florida Statutes; and that certain interlocal agreement between the Authority and the local government members to support property assessed clean energy ("PACE") financing programs that allow property owners to finance approved energy conservation, efficiency improvements, renewable energy and wind resistance improvements for their properties (collectively, the "PACE Act").

2. In furtherance of the PACE Act, the Authority established the C-PACE Program ("Program") to allow the financing of certain PACE improvements that are permanently fixed to real property ("Authorized PACE Improvements") through the levy of non-ad valorem assessments pursuant to the PACE Act and the issuance of assessment revenue bonds under the PACE Act upon the security of the unpaid contractual assessments.

3. Florida PACE Act, Section 163.08(8) provides that the PACE assessments, interest and any penalties thereon, if any, constitute a lien against the parcels of land on which they are made, until they are paid, and that the PACE liens have the same lien priority and methods of collection as general ad valorem property taxes on real property. PACE liens run with the land. Therefore, a property owner is responsible for satisfying the annual PACE assessment during the time it owns the property encumbered by the PACE lien, similar to ad valorem taxes. Should a property owner sell its property (or lose its property in a foreclosure), the buyer (or lender, in the case of a foreclosure or acquisition through a sale pursuant to Section 363 of the Bankruptcy Code) would be responsible for paying the annual PACE assessment during the time of the buyer's (or lender's) ownership. Notwithstanding the fact that PACE liens run with the land, PACE assessments can be prepaid, in whole or part, at the election of the property owner pursuant to the terms of the contract with the Authority.

Hotel Property: Home-2 Palm Bay

4. On September 11, 2020, pursuant to the terms of the Program, the Authority and Home-2 Debtor entered into a Financing Agreement ("Home-2 PACE Contract") for the limited purpose of providing financing in the amount of $3,930,000 for Authorized PACE Improvements relating to the hotel located at 1425 Sportsman Lane NE, Palm Bay, FL, commonly known as "Home-2 Palm Bay" ("Home-2 Property"). A copy of the Home-2 PACE Contract is attached hereto as Exhibit A and incorporated herein by reference.

5. In consideration for the financing from the Authority, the Home-2 Debtor agreed and consented, among other things, to (i) a $3,930,000 special assessment ("Home-2 PACE Assessment") plus interest which would be paid in installments beginning in fiscal tax year 2022-23 and continuing through fiscal tax year 2046-47 in the amounts set forth on Exhibit C to the Home-2 PACE Contract, (ii) the payment of the costs of administering and collecting the Home-2 PACE Assessment, including the costs incurred as a result of the bankruptcy case, (iii) the payment of a prepayment/redemption premium, under certain circumstances, including if the Home-2 Debtor elects to prepay the Home-2 PACE Assessment (collectively (i), (ii) and (iii) the "Home-2 PACE Obligations"), and (iv) the recordation of the Home-2 PACE Contract creating a lien upon the Home-2 Property securing the payment of the Home-2 PACE Obligations (the "Home-2 PACE Assessment Lien") equal in dignity to Brevard County ad valorem taxes and other assessments from the date of recordation pursuant to Florida PACE Act, Section 163.08(8).

6. On September 1, 2020, a Memorandum of PACE Financing Agreement was recorded in the official records of the County of Brevard, Florida against the Home-2 Property as Document No. CFN 2020197557 at Book 8852, Page 1207.

Hotel Property – Hyatt Place

7. Also, on September 11, 2020, pursuant to the terms of the Program, the Authority and Hyatt Debtor entered into a Financing Agreement ("Hyatt PACE Contract," collectively with the Home-2 PACE Contract, the "PACE Contracts") for the limited purpose of providing financing in the amount of $5,643,500 for Authorized PACE Improvements relating to the hotel located at 1435 Sportsman Lane NE, Palm Bay, FL commonly known as "Hyatt Place" ("Hyatt Property", collectively with the Home-2 Property, the "PACE Properties"). A copy of the Hyatt PACE Contract is attached as Exhibit B hereto and incorporated herein by reference.

8. In consideration for the financing from the Authority, the Hyatt Debtor agreed and consented, among other things, to (i) $5,643,000 special assessment ("Hyatt PACE Assessment," collectively with Home-2 PACE Assessment, the "PACE Assessments") plus interest which would be paid in installments beginning in fiscal tax year 2022-23 and continuing through fiscal tax year 2046-47 in the amounts set forth on Exhibit C to the Hyatt PACE Contract, (ii) the payment of the costs of administering and collecting the Hyatt PACE Assessment, including the costs incurred as a result of the bankruptcy case, (collectively, (i) and (ii) referred to as the "Hyatt PACE Assessment Payment," collectively with the Home-2 PACE Assessment Payment, the "PACE Assessment Payments"), (iii) the payment of a prepayment/redemption premium, under certain circumstances, including if the Hyatt Debtor elects to prepay the Hyatt PACE Assessment (collectively, the "Hyatt PACE Obligations," collectively with the Home-2 PACE Obligations, the "PACE Assessment Obligations"), and (iv) the recordation of the Hyatt PACE Contract creating a lien upon the Hyatt Property securing the payment of the Hyatt PACE Obligations (the "Hyatt PACE Assessment Lien, collectively with the Hyatt PACE Assessment Lien, the "PACE Assessment Liens") equal in dignity to Brevard County's ad valorem taxes and other assessments from the date of recordation

pursuant to Florida PACE Act, Section 163.08(8).

9.  On September 11, 2020, a Memorandum of PACE Financing Agreement was recorded in the official records of the County of Brevard, Florida against the Hyatt Property as Document No. CFN 2020197556, at Book 8852, Page 1202.

<u>The PACE Assessments</u>

10. As mentioned above, Florida PACE Act, Section 163.08(8) provides that the PACE Assessment, interest and any penalties thereon, if any, constitute a lien against the parcels of land on which they are made, until they are paid, and that the PACE Assessment Liens have the same lien priority and method of collection as general ad valorem taxes. As of the date of the filing of this Reservation, each of the PACE Debtors were current in the payment of their respective PACE Assessment Payments.

11. The PACE Assessment Liens run with the land. Consequently, the Successful Bidders of the respective PACE Properties will be responsible for paying the annual PACE Assessment Payment levied after the closing of the sale of the respective PACE Property, unless either or both of the PACE Debtors elect to prepay, in whole, the PACE Assessments pursuant to Paragraph 3(d) of the respective PACE Contracts from the proceeds of the respective sales at the closings.

<u>Relief Requested by the Debtors</u>

12. By the Sale Motion, the Debtors seeks Court approval of the sale of certain hotel properties, including the PACE Properties. The PACE Obligations with respect to each of the PACE Properties are not insignificant. The Sale Motion is void of any discussion of the on-going PACE Assessment Obligations that run with the land and that the payment of such obligations post-closing are the responsibility of the Successful Bidder of the respective PACE Property,

unless either or both of the PACE Debtors elect to prepay the respective PACE Assessments Obligation in accordance with paragraph 3(d) of the respective PACE Contract at the closing of the respective sale of the PACE Properties.

13. At the present time, the PACE Debtors do not know whether the PACE Assessments will "run with the land" and be assumed by the Successful Bidder, or whether the respective Successful Bidder will require the PACE Debtor to elect to have the PACE Assessment prepaid pursuant to paragraph 3(d) of the respective PACE Contract from the proceeds of the sale of the respective PACE Property at the closing of the sale. Upon prepayment of the PACE Assessment, in whole, the Authority will release the PACE Assessment Lien against the PACE Property.

14. After discussions by and between the Authority's counsel and Debtors' counsel prior to the filing of the proposed Sale Order on April 22, 2023, the proposed Sale Order now provides at footnote 6 "For the avoidance of doubt, Permitted Exceptions shall include special tax assessments including any PACE tax assessments unless such assessments are paid in full at Closing pursuant to the prepayment provisions of any applicable PACE assessment."

15. Notwithstanding the footnote, the Authority requests that Sale Order be revised to provide after the Successful Bidders have been identified, whether the PACE Assessments with respect to the PACE Properties will "run with the land" and be assumed by the Successful Bidders pursuant to the terms of the PACE Contracts or whether the PACE Assessments will be prepaid by the PACE Debtors in accordance with paragraph 3(d) of the respective PACE Contracts from the proceeds of the sale at the closing of the sale of the respective PACE Property and the respective PACE Assessment Lien released.

WHEREFORE, this Reservation is filed to preserve the Authority's rights at the Sale Hearing to establish on the record the Successful Bidders' (or Lenders', in the event of a credit bid) decision with respect to the treatment of the PACE Assessments regarding the PACE Properties --- either (i) allowing the PACE Assessments to run with the land, resulting in the assumption of the PACE Assessments by the Successful Purchasers, or (ii) causing the PACE Debtors to elect and effectuate the prepayment of the PACE Assessments pursuant to paragraph 3(d) of the respective PACE Contract, and to have the same provided for in the Sale Order that is filed with the Court.

Dated: April 28, 2023  **GELLERT SCALI BUSENKELL & BROWN, LLC**

> */s/ Michael Busenkell*
> Michael Busenkell (DE 3933)
> 1201 North Orange Street, Suite 300
> Wilmington, DE 19801
> Telephone: (302) 425-5812
> Facsimile: (302) 425-5814
> Email: mbusenkell@gsbblaw.com
>
> and

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

> Debra A. Riley, Esq. (*pro hac vice* forthcoming)
> One America Plaza
> 600 West Broadway, 27th Floor
> San Diego, California 92101-0903
> Telephone: (619) 233-1155
> Facsimile: (619) 233-1158
> Email: driley@allenmatkins.com
>
> *Counsel to Florida Green Finance Authority*