IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AD1 Urban Palm Bay, LLC, *et al.*, | Case No. 23-10074 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Objection Deadline: July 12, 2023, at 4:00 p.m. (ET)<br>Hearing Date: July 19, 2023, at 10:30 a.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING REJECTION PROCEDURES FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

AD1 Urban Palm Bay, LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby move the Court (this "Motion") for entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), approving procedures for the rejection of executory contracts (the "Contracts") and unexpired leases (the "Leases") throughout these Chapter 11 Cases and granting authority to take all actions necessary to implement such procedures in the ordinary course of business. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934). The mailing address for each of the debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.

US.357883856.02

of the United States Constitution.[2] Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and procedural predicates for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I. General Background

3. On January 22, 2023 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4. On February 22, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed a statement with the Court that no committee of unsecured creditors has been appointed in the Chapter 11 Cases as a result of insufficient responses. *See* Docket No. 94.

5. As set forth in the *Declaration of Alex Fridzon in Support of Debtors' Chapter 11 Petitions and First-Day Motions and Applications* [Docket No. 16] (the "First Day Declaration"),[3]

---

[2] Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the Court's entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Day Declaration.

the Debtors own and operate eight (8) hotels throughout Florida that are under the "flags" of IHG, Marriot, Hilton, and Hyatt brands. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

**II.    Proposed Rejection Procedures**

6.   In the ordinary course of their business, the Debtors are parties to Contracts and Leases that include agreements with vendors for the supply of goods and services, equipment leases, franchise and license agreements, and other Contracts related to the Debtors' businesses.

7.   The Debtors are in the process of evaluating all of their Contracts and Leases to determine whether such Contracts and Leases should be (a) rejected as unfavorable to the Debtors or (b) assumed and assigned in connection with the sale(s) of the Hotel Assets.

8.   In connection with their efforts to preserve and maximize the value of their estates, the Debtors may determine that, in the exercise of their business judgment during the pendency of these Chapter 11 Cases, that they no longer need certain Contracts and Leases related to their businesses.

9.   In an effort to minimize the post-petition expenses associated with the Contracts and Leases that the Debtors deem, in their business judgment, to be unnecessary for, or burdensome to, the Debtors' ongoing operations, the Debtors seek approval of the following procedures with respect to all Contracts and Leases (the "Rejection Procedures"):

> a) Rejection Notice. The Debtors will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts or Leases and will serve the Rejection Notice via U.S. mail on: (i) the counterparty to the Contract or Lease (the "Counterparty") (and its counsel, if known) under the respective Contract or Lease at the notice address specified in the Contract or Lease; (ii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iii) counsel to HPS Investment Partners, LLC, Paul Hastings LLP, Attn: Daniel Ginsberg, Esq. (danielginsberg@paulhastings.com) and Emily Kuznick, Esq. (emilykuznick@paulhastings.com) and The Rosner

        Law Group LLC, Attn: Frederick B. Rosner, Esq. (rosner@teamrosner.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov) (collectively, the "Notice Parties").

b) <u>Content of Rejection Notice</u>. The Rejection Notice shall be substantially in the form attached as <u>Exhibit 1</u> to the Proposed Order. With respect to all Contracts or Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the Counterparty, (ii) a brief description of the Contract or Lease to be rejected, and (iii) the proposed effective date of the rejection for the applicable Contract or Lease (the "<u>Rejection Date</u>"), *provided* that the Rejection Date for the rejection of a Contract or Lease shall not be earlier than the date the Debtors filed and served the applicable Rejection Notice. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order a "<u>Rejection Order</u>").

c) <u>Objections</u>. Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "<u>Objection</u>") so that it is filed with the Court and actually received by the following parties (the "<u>Objection Notice Parties</u>") no later than fourteen (14) days after the date the Rejection Notice is filed and served (the "<u>Objection Deadline</u>"): (i) the Debtors, Attn: Daniel Duggan (daniel.duggan@ad1global.com); (ii) bankruptcy counsel to the Debtors, Faegre Drinker Biddle & Reath LLP, Attn: Ian J. Bambrick, Esq. (ian.bambrick@faegredrinker.com) and Katharina Earle, Esq. (katharina.earle@faegredrinker.com); (iii) counsel to HPS Investment Partners, LLC, Paul Hastings LLP, Attn: Daniel Ginsberg, Esq. (danielginsberg@paulhastings.com) and Emily Kuznick, Esq. (emilykuznick@paulhastings.com) and The Rosner Law Group LLC, Attn: Frederick B. Rosner, Esq. (rosner@teamrosner.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

d) <u>Effects of Failing to File an Objection to a Rejection Notice</u>. If no Objection to a Rejection Notice is timely filed and served, the Debtors shall submit a form of order with the Court under certification of counsel substantially in the form attached to the Rejection Notice and such Rejection Order shall set forth the Rejection Date for the applicable Contract or Lease.

e) <u>Effects of Filing an Objection to a Rejection Notice</u>. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party, the Counterparty (if not the objecting party), and the Objection Notice Parties. If the Court upholds the Debtors' determination to reject the applicable Contract

or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.

f) <u>Consent Orders</u>. Any Objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtors and the objecting party.

g) <u>Deadlines for Filing Claims</u>. Any Rejection Order will be served on the appropriate Counterparties no later than five (5) days after entry of such order. Claims arising out of the rejection of Contracts or Leases must be filed on or before twenty-eight (28) days after the date of entry of the applicable Rejection Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Chapter 11 Cases, if applicable, and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

h) <u>Treatment of Security Deposits</u>. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of the Court or agreement of the Debtors.

**RELIEF REQUESTED**

10. By this Motion, the Debtors request that the Court enter the Proposed Order, approving the Rejection Procedures and authorizing the Debtors to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures, as approved by the Court.

**BASIS FOR RELIEF**

**I.  The Rejection of the Contracts and Leases Is a Sound Exercise of the Debtors' Business Judgment.**

11. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). *See Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). The principal purpose of section 365(a) is to allow a debtor in possession or trustee "'to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83

F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Expl., Inc. v. Yaquinto (In re Murexco Petroleum, Inc.*), 15 F.3d 60, 62 (5th Cir. 1994)).  Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate.  *See L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d. 291, 298 (3d Cir. 2000); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989).

12.     The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (finding that "[t]he usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."), *aff'd* 465 U.S. 513 (1984); *see also Comp. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315-16 (Bankr. D. Utah 1981) (absent extraordinary circumstance, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").  Accordingly, if a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract.  *See Fed. Mogul*, 293 B.R. at 126.

13.     The Debtors submit that any Contract or Lease that they seek to reject pursuant to the Rejection Procedures will be a Contract or Lease that is financially burdensome and unnecessary to the Debtors' operations or wind-down.  Moreover, prior to rejecting any of the Contracts and Leases, the Debtors will ensure that the Contracts and Leases have not been

6

designated for assumption and assignment by the purchasers of the Debtors' hotels, are of inconsequential value and benefit to the Debtors' estates, and unlikely to generate any net proceeds to the estates. Accordingly, the Debtors will have determined that continued performance under the Contracts and Leases constitutes an unnecessary depletion of value of the Debtors' estates and, therefore, rejection of the Contracts and Leases reflects the Debtors' exercise of sound business judgment.

14. Given the considerable number of Contracts and Leases the Debtors may seek to reject, obtaining Court approval of each rejection would impose unnecessary burdens on the Debtors and the Court and result in costs to the Debtors' estates that would correspondingly decrease the economic benefit of rejection. Accordingly, the Debtors propose to streamline the process as set forth in the Rejection Procedures, consistent with applicable law, to minimize potential costs to the Debtors' estates and reduce the burden on the Court's docket, while protecting Counterparties by providing such parties notice and an opportunity to object to the proposed rejection. For the foregoing reasons, the Debtors submit that the adoption of the Rejection Procedures is in the best interest of their estates, their creditors, and all other parties in interest.

**II.    The Rejection Procedures Provide Reasonable Notice and a Hearing**

15. Procedurally, Bankruptcy Rule 9014 provides, in part, that "reasonable notice and opportunity for hearing shall be afforded the party against whom the relief is sought." *See* Fed. R. Bankr. P. 9014(a).[4] The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or

---

[4] Bankruptcy Rule 9014 is made applicable to a motion to reject by Bankruptcy Rule 6006(a), which provides that "[a] proceeding to ... reject ... an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014." Fed. R. Bankr. P. 6006(a).

7

a similar phrase to mean such notice and an opportunity for a hearing "as [are] appropriate in the particular circumstances").

16. Upon receipt of the Rejection Notice, the Counterparties will receive notice of the effective date of the rejection[5] and of the deadline to object, which shall be fourteen (14) days from the date of service. Rule 9006-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that, unless the Bankruptcy Rules or Local Rules provide otherwise, a motion need be filed only fourteen (14) days before the hearing thereon and, when that is the case, the objection deadline shall be seven (7) days before the hearing. Here, Counterparties will have fourteen (14) days to file objections to the proposed rejection; seven (7) days more than those parties would be entitled if the Debtors instead proceeded via rejection motions. As such, the Debtors submit that the proposed Rejection Procedures balance the need for an expeditious reduction of potentially burdensome costs to the Debtors' estates while providing appropriate notice of the proposed rejection to the Counterparties, and that the proposed Rejection Procedures are appropriately tailored to minimize potential administrative expenses.

### III. The Rejection Procedures Comply with Bankruptcy Rule 6006(f)

17. Bankruptcy Rule 6006(f), in relevant part, requires that a motion to reject multiple executory contracts or unexpired leases:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;

---

[5] *See, e.g.*, *In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding that the effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject)

> . . .
>
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> (6) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors will comply with the foregoing requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices and the Rejection Procedures satisfy Bankruptcy Rule 6006(f).

18. The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of parties to the Contracts and Leases. Counterparties must be able to locate their Contracts or Leases and readily determine whether their Contracts or Leases are being rejected. Through the Rejection Procedures, the Debtors will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

## **NOTICE**

19. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to HPS Investment Partners, LLC (as administrative and collateral agent); (iii) the Debtors' thirty largest unsecured creditors on a consolidated basis; and (iv) any party who has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank.]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the forms attached hereto, granting the relief requested herein and any further relief as is just and proper.

|  |  |
|---|---|
| Dated: July 5, 2023<br>Wilmington, Delaware | **FAEGRE DRINKER BIDDLE & REATH LLP**<br><br>*/s/ Ian J. Bambrick*<br>Ian J. Bambrick (No. 5455)<br>Katharina Earle (No.6348)<br>222 Delaware Ave. Suite 1410<br>Wilmington, DE 19801<br>Tel:  (302) 467-4200<br>Fax:  (302) 467-4201<br>ian.bambrick@faegredrinker.com<br>katharina.earle@faegredrinker.com<br><br>Scott F. Gautier (admitted *pro hac vice*)<br>Maria J. Cho (admitted *pro hac vice*)<br>1800 Century Park East, Suite 1500<br>Los Angeles, CA 90067<br>Tel:  (310) 203-4000<br>Fax:  (310) 229-1285<br>scott.gautier@faegredrinker.com<br>maria.cho@faegredrinker.com<br><br>Michael T. Gustafson (admitted *pro hac vice*)<br>320 South Canal Street, Suite 3300<br>Chicago, IL 60606<br>Tel:  (312) 569-1000<br>Fax:  (312) 569-3000<br>mike.gustafson@faegredrinker.com<br><br>*Counsel to the Debtors and Debtors in Possession* |