# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AD1 Urban Palm Bay, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10074 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_\_\_** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKADIA REAL ESTATE ADVISORS, LLC AS BROKER FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the Debtors for the entry of an order (the "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016, and 5002, and Local Rules 2014-1 and 2016-2, (i) authorizing the retention and employment of Berkadia Real Estate Advisors, LLC ("Berkadia" or the "Company") as broker for the Debtors effective as of the Petition Date and (ii) modifying the time keeping requirements under Bankruptcy Rule 2016(a) and Local Rule 2016-2, as more fully described in the Application; and upon consideration of the Stevenson Declaration; due and proper notice of the Application having been given and no other or further notice of the Application is required; and the Court having jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order; and the Court's consideration of this Application being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934). The mailing address for each of the Debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

US.356895879.07

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that Berkadia is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code because (i) Berkadia has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the United States Trustee for the District of Delaware or any of its employees, except as set forth in the Stevenson Declaration, (ii) Berkadia is not a creditor, equity security holder, or insider of the Debtors, (iii) none of Berkadia's professionals are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors, and (iv) Berkadia does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and the relief requested in the Application and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, 2016, and 5002, and Local Rules 2014-1 and 2016-2 to retain and employ Berkadia as their broker effective as of the Petition Date in accordance with the terms and conditions set forth in the Application, and to pay an Advisory Fee and any hourly fees and reimburse expenses to Berkadia on the terms and times specified in the Application, as modified by this Order.

3. Any fee payable to Berkadia shall not constitute a "bonus" or fee enhancement under applicable law.

4. Except as expressly set forth herein, all of Berkadia's compensation set forth in the Application, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code as modified herein.

5. Berkadia's Advisory Fee shall consist of (i) an Equity Fee at zero point three seven five percent (0.375%) of the gross sale price or transaction value in the case of a Sale or (ii) a Financing Fee at zero point four two percent (.42%) of the gross financing amount in the case of a Financing.

6. The Advisory Fee shall be earned in full at the closing of such Sale and/or Financing of each Property and the Debtors are hereby authorized to pay the Advisory Fee in accordance with this Order, subject to the following: (1) In the event of either a Sale or Financing to a party other than the Secured Parties', the amount of the applicable Advisory Fee otherwise payable to the Brokers in excess of 0.75% of the total sale price or financing proceeds will be fully subordinated to the payment in full in cash of the Secured Parties' Claim (as set forth in paragraph 14 of the Final Cash Collateral Order [Docket No. 140]); and (2) In the event that one or more of the Secured Parties acquires the property by Sale through a credit bid, the amount of the Equity Fee otherwise payable to the Brokers in excess of 0.375% of the total sale price will be subordinated to the payment in full in cash of the Secured Parties' Claim. Should the closing of a Sale or Refinancing not occur, then no Advisory Fee will be due to Berkadia. In no event shall Berkadia be entitled to both an Equity Fee and a Financing Fee for an individual Property.

7. Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Berkadia absent an order of this Court approving a fee application under the procedures set forth in the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 172] (the

US.356895879.07

"Interim Comp. Order"); provided, however, that Berkadia shall file monthly fee statements with time entries and requests for reimbursement as set forth in the Application, as modified by this Order, pursuant to the deadlines and other procedures set forth in the Interim Comp. Order; and provided further, however, that Berkadia's hourly fees and expenses shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Application, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court. All fees paid to Berkadia are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of Berkadia's final fee application.

8.  Nothing in this Order shall alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code.

9.  Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Berkadia's request for final compensation based on the reasonableness standard provided in section 330 of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of any fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of any fees.

10. Berkadia shall keep reasonably detailed time records for services rendered post-petition in tenth of an hour increments and will submit with any fee applications, together with time records, a narrative summary, by project category, of services rendered and will identify each

professional rendering services, the category of services rendered, and the amount of compensation requested.

11.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

13.     The Debtors and Berkadia are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.     To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

15.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.