# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AD1 Urban Palm Bay, LLC, *et al.*, | Case No. 23-10074 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Dkt. Nos. 622, 631, 671 & 687** |

### ORDER GRANTING HPS INVESTMENT PARTNERS, LLC'S MOTION TO CONVERT DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")[2] of HPS Investment Partners, LLC ("HPS") for conversion of the Debtors' Chapter 11 Cases to chapter 7 pursuant to 11 U.S.C. § 1112(b); and the Court having held a hearing on the Motion; and the Court finding that cause exists to convert the Debtors' cases pursuant to 11 U.S.C. § 1112(b); and the Court finding further that conversion of the Debtors' cases is in the best interests of the estates and creditors; and any objection(s) to the Motion having been withdrawn or overruled; and good and sufficient notice of the Motion having been given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtors' Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code pursuant to section 1112(b) of the Bankruptcy Code, effective upon the earlier of: (a) two (2) business days after the closing of the last hotel sale; and (b) November 30, 2023

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: AD1 Celebration Hotels, LLC (7980); AD1 Daytona Hotels, LLC (7940); AD1 LBV1, LLC (1125); AD1 PB Airport Hotels, LLC (6855); AD1 SW Property Holdings, LLC (2507); AD1 Urban Palm Bay, LLC (3713); AD1 Urban Palm Bay Place, LLC (2385); AD1 Celebration Holdings, LLC (3363); AD1 Daytona Holdings, LLC (2761); AD1 LBV Hotels, LLC (7709); AD1 Palm Beach Airport Hotels, LLC (2187); AD1 Urban Strategy Palm Bay, LLC (9412); and AD1 Urban SW, LLC (6934). The mailing address for each of the Debtors is 1955 Harrison Street, Suite 200, Hollywood, FL 33020.

[2] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Motion.

{00037107. }

(the "Case Resolution Date"), unless the Case Resolution Date is extended by HPS and the Debtors, in which case HPS will file a notice of such extension with the Court.

3. The Debtors are hereby authorized and directed to transfer to HPS all proceeds from the sale of the Palm Beach Airport Hotel, net of those amounts to be deducted therefrom in accordance with the approved and executed settlement statement, within one (1) business day after closing of the Palm Beach Airport Hotel sale.

4. The Debtors are hereby authorized and directed to transfer to HPS within one (1) business day after closing of the last hotel sale all remaining Cash Collateral held by the Debtors as of such date, other than approved amounts on account of items for which HPS previously consented to payment but for which such payment remains outstanding as of such date.

5. Upon conversion, the Debtors shall, as soon as reasonably practicable, but in no event more than 14 days after the assumption of duties by the chapter 7 trustee, turn over to the chapter 7 trustee the books, records, and property of the Debtors in the Debtors' possession, custody, and control, as required by Bankruptcy Rule 1019(4).  For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

6. Within 14 days of the Case Resolution Date, the Debtors shall file schedules of unpaid debts incurred after the filing of the petition and before conversion of these cases, including the name and address of each holder of a claim as required by Bankruptcy Rule 1019(5)(A)(i).

7. Within 30 days of the Case Resolution Date, the Debtors shall file and transmit to the United States Trustee a final report and account as required by Bankruptcy Rule 1019(5)(A)(ii).

8. Within 14 days after the Case Resolution Date, and in accordance with Local Rule 2002-1(f)(x), Stretto, in its capacity as the Debtors' claims and noticing agent, shall: (i) forward to the Clerk of the Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final register of all claims filed in the Chapter 11 Cases (the "Final Claims Register"). A Final Claims Register and creditor mailing matrix shall also be docketed in each jointly administered case containing the claims and creditor mailing matrix parties, respectively, of only that specific case.

9. A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in the Chapter 11 Cases, shall appear at the first meeting of creditors after conversion of the Debtors' Chapter 11 Cases to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

10. On the Case Resolution Date, all professionals retained by the Debtors under section 327 or 328 of the Bankruptcy Code (excluding professionals retained in the ordinary course of business pursuant to the *Order (I) Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business Effective as of the Petition Date and (II) Conditionally Waiving Certain Information Requirements of Local Rule 2016-2* [Docket No. 194]) shall be discharged, with no further action required by the Debtors; provided, however, the Faegre Drinker Biddle & Reath LLP and CR3 Partners, LLC shall be authorized but not directed to assist the Debtors in effectuating a conversion of the Chapter 11 Cases to cases under chapter 7.

11. The employment of Stretto as the noticing and claims agent in the Debtors' Chapter 11 Cases is terminated effective as of the Case Resolution Date. Stretto is released and discharged as the noticing and claims agent in the Debtors' Chapter 11 Cases and shall bear no further

responsibility in these Chapter 11 Cases, except that Stretto shall comply with Local Rule 2002-1(f)(x).

12. Upon the Case Resolution Date, Stretto may reduce the public case administration website to a static homepage reflecting that the case has been converted, and in its discretion may opt to deactivate the website altogether.

13. Stretto shall keep electronic copies of all records until one (1) year following the Case Resolution Date (after which time Stretto may, but is not required to, destroy such records), and Stretto need not keep paper copies of such records.

14. Upon the Case Resolution Date, Stretto may destroy (A) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes, and other printed materials and (B) all undeliverable and/or returned mail not previously destroyed.

15. Stretto shall be compensated by the Debtors' estates for the performance of services required under this Order in accordance with the terms of its retention order.

16. Effective upon the Case Resolution Date, pending the qualification of a permanent trustee under section 702 of the Bankruptcy Code, any contested matters in the Chapter 11 Cases are stayed unless otherwise ordered by this Court.

17. The Debtors are hereby authorized and empowered to take all actions necessary to implement and effectuate the terms of this Order.

18. Nothing in this Order or the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify any order of this Court (or documents related thereto) entered during these Chapter 11 Cases, including the orders approving the sales of the Hotel Assets and all such orders of this Court shall remain binding on the persons and entities as set forth therein.

19. This Court shall retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.